UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM CLARK, | Case No. 2:12-CV-01265-APG-NJK |
| Plaintiff, | |
| v. | ORDER |
| GREGORY COX, *et al.*, | |
| Defendants. | |

Defendants David Willis and Christopher Trautman request that I dismiss or alternatively grant summary judgment on Plaintiff William Clark's remaining Eighth Amendment claims against them. In their motion, Defendants argue that the Court's Screening Order [Dkt. #9] allowed only the Eighth Amendment claim against Trautman to proceed. In their reply, Defendants concede that Clark's Eighth Amendment claim against Willis survived screening and will require discovery for resolution. [Dkt. #29 at 1 n.1.] I therefore deny Defendants' motion to the extent it seeks to dismiss Clark's Eighth Amendment claim against Willis.

Defendant Trautman argues that at the time of the incident in which he was involved, other inmates were making noise and consequently Trautman did not hear Clark call for medical help. Trautman denies he had any direct interaction with Clark, and once another correctional officer informed Trautman that Clark had requested medical assistance, Trautman contacted medical staff. Trautman thus argues Clark cannot prove Trautman was actually aware of a significant risk to Clark's health, or that he deliberately disregarded that risk. Trautman further contends Clark cannot prove Trautman's alleged conduct resulted in further injury or the unnecessary and wanton infliction of pain to support an Eighth Amendment deliberate indifference claim. Because genuine issues of material fact remain, I deny Defendants' motion to dismiss or alternatively for summary judgment on Clark's Eighth Amendment claim against Trautman.

## I. Background

Clark is an inmate at Ely State Prison. [Dkt. #30-1 at 58.] At the time of the incident that gives rise to this lawsuit, Clark was incarcerated at Southern Desert Correctional Center ("SDCC"). [*Id.* at 59.] Defendant Trautman is a correctional officer at SDCC. [Dkt. #21-2.]

On October 31, 2011, Clark suffered a hernia. [Dkt. #30-1 at 59; #21-4.] Clark was in pain and started yelling at Trautman for a medical grievance so he could obtain immediate medical care. [Dkt. #30-1 at 59, 64.] According to Clark, Trautman laughed at Clark and walked away. [*Id.*] Clark then pushed his emergency medical button, but received no response, despite pushing the button repeatedly for forty minutes. [*Id.*] According to Clark, other inmates started yelling "man down" to indicate to Trautman that Clark needed immediate medical assistance. [*Id.*]

Clark states that around 6:00 p.m., he finally got Trautman's attention and explained the nature of his medical situation, but Trautman responded by shutting off the water to Clark's cell. [*Id.*] Clark states he again requested emergency medical help, but Trautman walked away smiling, made an obscene gesture at Clark, and mouthed an obscenity to Clark. [*Id.*] According to Clark, he did not receive medical attention until the nurse was on rounds passing out medication. [*Id.* at 59-60.] Clark attracted the nurse's attention, and she ordered the staff to take him to the prison hospital. [*Id.*]

In addition to his own declarations under oath, Clark submits affidavits from two inmates who were incarcerated at SDCC on October 31, 2011. [Dkt. #30-1 at 23-27.] The first, William Simpson, states that he observed Trautman stop in front of Clark's cell, but Trautman ignored Clark's repeated requests for medical attention. [*Id.* at 23.] According to Simpson, Trautman laughed and made obscene gestures at Clark. [*Id.*] Simpson states that Clark did not receive medical treatment for three to four hours. [*Id.*] The second witness, Peter Eluik, states that he was housed one cell over from Clark. [*Id.* at 26.] He heard Clark yell to Trautman requesting an emergency medical grievance, but Trautman pretended not to hear and walked away laughing. [*Id.*] According to Eluik, other inmates were calling "man down." [*Id.*] When Trautman returned

to the tier, Clark again yelled he was experiencing a medical emergency, but Trautman turned off Clark's water, smiled, and made an obscene gesture at Clark. [*Id.*]

Trautman denies Clark's version of events. According to Trautman, he was investigating flooding in the tier, during which time inmates were kicking on their doors and shouting, thus preventing Trautman from hearing any complaint Clark may have made. [Dkt. #21-2.] Trautman denies he had any direct contact with Clark during this time, he denies he heard any request for medical assistance, and he denies he deliberately refused to respond to Clark's medical complaints. [*Id.*] Trautman states another correctional officer later informed him that Clark complained about "ripp[ing] something in his stomach." [*Id.*] At that point, Trautman contacted medical staff, who instructed him to escort Clark to the infirmary. [*Id.*]

Prison medical records show that around 8:00 p.m. on October 31, 2011, Clark was seen by prison medical staff for a hernia, and he was provided with a hernia belt and ice. [Dkt. #21-3, #21-4.] It was also recommended that Clark be transferred to another facility for observation, and that he be assessed for possible surgery. [Dkt. #21-4.] Clark declined the recommended transfer. [Dkt. #21-5 at 4.]

**II. Eighth Amendment Deliberate Indifference to Medical Needs**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato*

1  *Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views all evidence and inferences which
2  may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins.*
3  *Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

4  "The Eighth Amendment guarantees adequate medical care for inmates." *Keenan v. Hall*,
5  83 F.3d 1083, 1091 (9th Cir. 1996). To establish an Eighth Amendment violation based on a
6  failure to provide adequate medical care, the plaintiff must show the official was deliberately
7  indifferent to a serious medical need. *Lemire v. Cal. Dep't of Corr. & Rehab*, 726 F.3d 1062,
8  1081 (9th Cir. 2013). A serious medical need means that failure to treat the prisoner's condition
9  "could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.*
10 An official is deliberately indifferent if the official engaged in a purposeful act or failed to
11 respond to the prisoner's pain or medical need, and the indifference caused harm to the prisoner.
12 *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with
13 medical treatment, or it may be shown in the way in which prison [officials] provide medical
14 care." *Id.* (quotation omitted).

15 Viewing the evidence and all reasonable inferences therefrom in the light most favorable
16 to Clark, genuine issues of material fact remain regarding whether Clark suffered a serious
17 medical need. Clark describes the pain he was experiencing, and other inmates perceived his
18 predicament, calling out "man down" to signify the need for immediate medical assistance. Upon
19 having the matter brought to her attention, the nurse recognized Clark's need for immediate
20 medical attention. Finally, Clark's medical records establish he suffered a hernia and the
21 recommended treatment included potential surgery. Failure to respond to this pain for several
22 hours could result in the unnecessary and wanton infliction of pain. Additionally, failure to
23 respond could have resulted in further significant injury, as demonstrated by both the
24 recommendation for potential surgery and the fact that prison staff warned Clark of the risks
25 associated with his refusal to transfer to another facility for evaluation. [Dkt. #21-5 at 4.]

26 Additionally, genuine issues of material fact remain regarding whether Trautman was
27 aware of Clark's serious medical need and deliberately delayed obtaining treatment for him.
28

Although Trautman denies he heard Clark request medical assistance, I must take Clark's version of the facts as true at this stage of the proceedings. Clark states he directly spoke with Trautman and told Trautman of his serious medical needs. Simpson and Eluik also indicate Trautman was near Clark's cell and heard Clark's complaints. Clark pushed his medical emergency button numerous times, and other inmates were calling man down. This evidence raises a genuine issue of material fact that Trautman was subjectively aware of Clark's need for medical attention. Clark presents evidence that in response to these complaints Trautman laughed, smiled, and made obscene gestures at Clark, and failed to obtain medical care for Clark for several hours. This evidence raises genuine issues of material fact that Trautman deliberately and intentionally delayed obtaining treatment to alleviate Clark's pain. Consequently, I deny Defendants' motion.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [Dkt. #21] is hereby DENIED.

DATED this 26th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE